UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY JORDAN | CIVIL ACTION |
| VERSUS | NO. 11-596 |
| WALGREEN STORE CONSTRUCTION DEPARTMENT | SECTION "I"(2) |

**REPORT AND RECOMMENDATION**

Plaintiff, Stanley Jordan, is a prisoner currently incarcerated in the Bradshaw Unit of the Texas Department of Criminal Justice in Henderson, Texas. He filed this complaint pro se and in forma pauperis on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" against defendant, "Walgreen Store Construction Department." Plaintiff alleges that he has been unable to collect worker's compensation payments for an injury he suffered while working at a Walgreens drugstore in New Orleans. Record Doc. No. 1, Complaint at ¶ IV and attachments at pp. 7-12.

Specifically, plaintiff asserts in his complaint that in 2008, "I hurt my shoulder . . . and I could not work and I was sent to the doctor . . . ." Plaintiff states that he was placed on worker's compensation on June 25, 2008 and, after receiving four checks amounting to $1,333.40, he "got a check for 255.63 every month until I was dischar[ged] from the doctor who they sent me to . . . ." Plaintiff further asserts that he hired a lawyer who

"told us he was going to get a settlement last year, but [the lawyer] said because I'm incarcerated he couldn't get my settlement and money for my injury." Plaintiff stated that after he became incarcerated, the lawyer called his wife and "told her that he was going to s[e]ttle with Walgreen[s] but we never her (sic) from [the lawyer] no more." Id. at pp. 5, 7 and 8.

Plaintiff states that he "need[s] the court to help me get my settlement money for workman com (sic) lost and money for my injury on my shoulder." Plaintiff seeks monetary compensation, including $24,000 in lost wages, $100,000 for the injury to his shoulder, and compensation for various other losses specified in his complaint. Id. at p. 8.

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate . . . ." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint that is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff's Section 1983 complaint must be dismissed either under 28 U.S.C. § 1915(e) as legally frivolous because it lacks an arguable basis in law or under

Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## II. DEFENDANT IS NOT A STATE ACTOR

Jordan is a prisoner who has filed this suit on a form provided to prisoners for asserting claims under 42 U.S.C. § 1983. He asserts no claims concerning the conditions of his confinement or against any state officials acting as his custodians. Jordan's claim against defendant Walgreen Store Construction Department is based on his allegation that defendant is responsible for paying him worker's compensation benefits and/or other damages. No such liability conceivably exists under Section 1983, and this court is without jurisdiction to adjudicate his worker's compensation claim under Louisiana state law.

First, Walgreen Store Construction Department cannot be liable to Jordan under Section 1983 because this private corporate entity cannot be a state actor in the context described in Jordan's complaint. To assert a claim under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his constitutional rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

4

federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that the actions of defendant are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

Under no circumstances can this defendant, Walgreen Store Construction Department, be considered a state actor as a matter of law for Section 1983 purposes in light of the allegations made by plaintiff in this complaint. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because this defendant is not a state actor, plaintiff's Section 1983 claims against it have no basis in federal law and must be dismissed for failure to state a cognizable claim. As discussed below, plaintiff's complaint states no claim of any kind over which this federal court has jurisdiction.

### III. WORKER'S COMPENSATION CLAIM

Jordan cannot assert a negligence claim for damages against his employer for the on-the-job injury he alleges and is limited to collecting worker's compensation benefits under state law. La. Rev. Stat. § 23:1032; Tumbs v. Wemco, Inc., 714 So. 2d 761, 762-63 (La. App. 4th Cir. 1998).

Under Louisiana law, a worker is ordinarily limited to recovering workers' compensation benefits rather than tort damages for work-related injuries. Louisiana statutes make workers' compensation recovery an employee's exclusive remedy for a work-related injury caused by the employer's conduct, except when suit is based on an intentional tort. Larroquette v. Cardinal Health, 466 F.3d 373 (5th Cir. 2006). Under the exclusivity provisions of Louisiana Revised Statutes § 23:1032, a worker is ordinarily limited to recovering workers' compensation benefits rather than tort damages for work-related injuries. Id. at 376.

Accordingly, even if this court could exercise diversity of citizenship jurisdiction, which plaintiff has not alleged, Fed. R. Civ. P. 8(a)(1), plaintiff cannot recover the general damages he seeks as a result of his injury. Moreover, as to his claim for worker's compensation benefits, this court is not the proper forum for that claim. As noted above, no allegation of subject matter jurisdiction has been made. In addition, any claim plaintiff might assert to recover worker's compensation benefits must be filed with the

6

Louisiana Office of Workers' Compensation Administration, La. Rev. Stat. § 23:1310, <u>not</u> this court.

### RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that any state law claim asserted in plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** to its proper assertion before the appropriate Louisiana state agency.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.</u>

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this   27th   day of April, 2011.

                                            JOSEPH C. WILKINSON, JR
                                        UNITED STATES MAGISTRATE JUDGE

---

[2]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.